SEALED

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) HAZRAT KHALID KHAN, a/k/a<br>     Khalid Khan, a/k/a Khalid Bacha,<br>     and<br><br>(2) KHURSHED IQBAL,<br><br>     Defendants. | **CRIMINAL NO.** 16cr 1011<br>VIOLATIONS:<br>18 U.S.C. § 371 (Conspiracy)<br>26 U.S.C. § 7202 (Willful failure to collect<br>or pay over tax ) |

## INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

### *Certain Relevant Persons and Entities*

1.     The defendant, HAZRAT KHALID KHAN, a/k/a Khalid Khan, a/k/a Khalid Bacha ("KHAN") was a resident of New York.

2.     The defendant, KHURSHED IQBAL ("IQBAL"), was a resident of Massachusetts.

3.     Co-Conspirator #1 ("CC-1") was a resident of Massachusetts and IQBAL's nephew.

4.     Eman Crown Corporation was a Massachusetts corporation that conducted business as Crown Fried Chicken at 895 Broadway, Chelsea, Massachusetts ("the Chelsea Store"). The Chelsea Store served fried chicken, pizza, and other food items on a carry-out basis.

1

5.      Luther Fried Chicken and Pizza, Inc. was a Massachusetts corporation that conducted business as Crown Fried Chicken at 344 Warren Street, Boston, Massachusetts ("the Boston Store"). Like the Chelsea Store, the Boston Store served fried chicken, pizza, and other food items on a carry-out basis.

### Background Concerning Chelsea and Boston Stores

6.      KHAN and IQBAL owned and controlled the operation of the Chelsea and Boston Stores. However, false documents were filed publicly indicating that the stores were owned by nominees, thus concealing KHAN's and IQBAL's interests in the stores.

7.      On or about July 26, 2006, IQBAL caused documentation to be filed with the Secretary of State for the Commonwealth of Massachusetts, establishing Luther Fried Chicken and Pizza, Inc. (the Boston Store) as a Massachusetts corporation.

8.      In or about December 2009, IQBAL hired CC-1 to work at the Chelsea Store. Starting in or about 2010 and continuing until at least January 2014, CC-1 managed and maintained an ownership interest in the Chelsea Store. CC-1 shared ownership with KHAN and IQBAL. Ownership of the Chelsea Store was divided as follows: IQBAL and CC-1 each owned 25 percent, and KHAN owned 50 percent.

9.      On or about January 1, 2011, CC-1 caused documentation to be filed with the Secretary of State for the Commonwealth of Massachusetts, establishing Eman Crown Corp. (the Chelsea Store) as a Massachusetts corporation.

10.     Starting in or about 2011, CC-1 also became the manager of the Boston Store.

### Income and Employment Taxes

11.     The Federal Insurance Contributions Act ("F.I.C.A.") requires employers and employees to pay Social Security and Medicare Taxes. An employee is liable for one half of the

2

required taxes and the employer is liable for the other half. Federal law requires employers to withhold the employee share of the F.I.C.A. taxes from their employees' pay, as well as amounts to be credited toward their employees' federal income tax obligations. The employee share of F.I.C.A. taxes and amounts to be credited toward employees' federal income tax obligations are, together, commonly known as "payroll taxes." Federal law also requires employers to hold in trust and pay over to the IRS their share and their employees' shares of F.I.C.A. taxes, as well as the income taxes withheld from the employees' pay.

12.     As owners of the Chelsea and Boston Stores, KHAN and IQBAL were "responsible persons," that is, they had the responsibility under the Internal Revenue Code, Title 26 of the United States Code, to collect, account for, and pay over payroll taxes for the Chelsea and Boston Stores.

13.     Federal tax laws require employers to file with the IRS a Form 941 (Employers Federal Quarterly Tax Return), and a Form 940 (Employers Federal Annual Tax Return), which forms are used to report all federal employment taxes, including F.I.C.A. taxes and income taxes withheld from employees. Employers are required to file Form 941 four times per year, one for each quarter ending March 31; June 30; September 30; and December 31. Employers are required to file Form 940 once per year.

14.     Federal tax laws require employers to file with the IRS a Form W-2 to report wage information and the amount of taxes withheld from wages paid to each employee.

15.     Federal tax laws require corporations and their officers to file a Form 1120 (U.S. Corporation Income Tax Return), which is used to report the income, gains, losses, deductions, and credits of a domestic corporation or other entity for any tax year.

*Overview of the Tax-Evasion Scheme*

16.     To increase profits from the Chelsea and Boston Stores, KHAN, IQBAL, and CC-1 used a variety of means to avoid paying income and employment taxes owed by the corporations and by KHAN, IQBAL, and CC-1, and employees of the Chelsea and Boston Stores.

17.     KHAN, IQBAL, and CC-1 caused IRS Forms 1120 to be filed with the IRS, which Forms 1120 falsely stated that CC-1 owned 100% of the "Voting Stock" in the Chelsea Store.

18.     KHAN, IQBAL, and CC-1 maintained records of actual income and expenses for the Chelsea and Boston Stores, which records CC-1 stored at the Chelsea and Boston Stores and at his residence.

19.     CC-1 and IQBAL, acting in concert with and at the direction of KHAN, provided the tax preparers who prepared Forms 1120, 940, and 941 for the Chelsea and Boston Stores (hereinafter "the tax preparers") with false information about income and employment costs, and thus caused the preparation of false returns.

20.     Neither KHAN, IQBAL, nor CC-1 ever provided or showed the tax preparers the records of actual income and expenses of the Chelsea and Boston Stores.

21.     KHAN, IQBAL, and CC-1 diverted the unreported income from the Chelsea and Boston Stores to themselves.

22.     KHAN, IQBAL, and CC-1 caused to be filed with the IRS on behalf of the Chelsea and Boston Stores Forms 941 that falsely reported the number of employees—some of whom were undocumented workers—and wages paid.  KHAN, IQBAL, and CC-1 also caused to be filed with the IRS Forms W-2 that falsely reported wages paid to the employees of those

4

stores, and, in some instances, KHAN, IQBAL, and CC-1 failed to issue Forms W-2 to employees or file Forms W-2 with the IRS.

23.     CC-1 and IQBAL, acting in concert with and at the direction of KHAN, filed IRS Forms 940 and 941 under penalties of perjury that falsely reported payroll taxes owed for the wages paid to the employees of the Chelsea and Boston Stores.

24.     CC-1, acting in concert with and at the direction of KHAN and IQBAL, caused the filing of IRS Forms 1120 under penalties of perjury that were false insofar as the returns reported, among other things, the following false items:  gross receipts or sales, cost of goods sold, total income, compensation of officers, salaries and wages, and taxable income of the Chelsea and Boston Stores.

## COUNT ONE
### (Conspiracy – 18 U.S.C. § 371)

25.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 24 of this Indictment and further charges as follows:

26.     Beginning by at least January 2009, and continuing to in or about April 2013, in the District of Massachusetts and elsewhere, the defendant,

**(1) HAZRAT KHALID KHAN a/k/a Khalid Khan, a/k/a Khalid Bacha and
(2) KHURSHED IQBAL,**

together with CC-1, and others known and unknown to the Grand Jury, knowingly and willfully conspired and agreed together and with each other to defraud the United States by impeding, impairing, obstructing and defeating the lawful government functions of the Internal Revenue Service of the Department of the Treasury in the ascertainment, computation, assessment and collection of revenue: to wit, employment taxes and corporate income taxes associated with the Chelsea and Boston Stores.

### *Objectives of the Conspiracy*

27.     A purpose and objective of the conspiracy was to avoid payment of the co-conspirators' share of their employees' F.I.C.A. taxes owed to the IRS, in connection with operation of the Chelsea and Boston Stores.

28.     A further purpose and objective of the conspiracy was to avoid payment of corporate income taxes owed to the IRS, in connection with operation of the Chelsea and Boston Stores.

29.     A further purpose and objective of the conspiracy was to avoid collecting and paying over to the IRS their employees' share of F.I.C.A. and income tax withholdings.

### Manner and Means of the Conspiracy

30.    The manner and means by which KHAN, IQBAL, and CC-1, and others accomplished the objectives of the conspiracy included, among other things, the following:

   a.  Submitting false information concerning employees, gross receipts or sales, cost of goods sold, total income, compensation of officers, salaries and wages, and taxable income of the Chelsea and Boston Stores to the tax preparers who prepared Forms 1120, 941, and 940 for those stores.

   b.  Causing false documents to be filed with the Commonwealth of Massachusetts concerning the ownership and control of the Chelsea Store.

   c.  Maintaining a secret set of accounting records for the Chelsea and Boston Stores, which records documented unreported costs of goods sold, wages, income, and profits and failing to provide those accounting records to the tax preparers who prepared Forms 1120, 941, and 940 for those stores.

   d.  Paying employees in cash "under the table," failing to make the required withholdings of payroll taxes, and failing to issue required Forms W-2.

   e.  Paying expenses in cash.

   f.  Employing undocumented workers at the Boston Store.

   g.  Signing false tax returns under penalties of perjury.

### Overt Acts Taken in Furtherance of the Conspiracy

31.    KHAN, IQBAL, and CC-1 undertook the following overt acts, among others, in furtherance of the conspiracy:

a. On or about October 5, 2011, CC-1 signed, under penalties of perjury, an IRS Form 941 for the tax period ending September 30, 2011, on which form he significantly understated total wages for the Chelsea Store.

b. On or about January 20, 2012 CC-1 signed, under penalties of perjury, an IRS Form 941 for the tax period ending December 31, 2011, on which form he significantly understated total wages for the Chelsea Store.

c. On or about November 19, 2012, CC-1 signed, under penalties of perjury, an IRS Form 941 for the tax period ending March 31, 2012, on which form he significantly understated total wages for the Chelsea Store.

d. On or about July 27, 2009, IQBAL signed, under penalties of perjury, an IRS Form 941 for the tax period ending June 30, 2009, on which form he significantly understated total wages for the Boston Store.

e. On or about October 27, 2009, IQBAL signed, under penalties of perjury, an IRS Form 941 for the tax period ending September 30, 2009, on which form he significantly understated total wages for the Boston Store.

All in violation of Title 18, United States Code, Section 371.

8

## COUNTS TWO THROUGH FOURTEEN
### (Willful Failure to Collect or Pay Over Tax - 26 U.S.C. § 7202)

32.     The allegations set forth in paragraphs 1 through 23 of this Indictment are re-alleged and incorporated herein by reference.

33.     On or about the dates specified below, in the District of Massachusetts,

### (1) HAZRAT KHALID KHAN a/k/a Khalid Khan, a/k/a Khalid Bacha and
### (2) KHURSHED IQBAL,

defendants herein, did willfully fail to collect and truthfully account for and pay over to the

Internal Revenue Service the federal income taxes and Federal Insurance Contributions Act taxes

due and owing to the United States of America on taxable wages paid by the entities below, as

follows:

| Count | Entity | Quarter Ended | Form 941 Date | Employment Tax Reported on Forms 941 |
|---|---|---|---|---|
| 2 | Boston Store | March 31, 2009 | April 30, 2009 | $1,045.46 |
| 3 | Boston Store | June 30, 2009 | August 10, 2009 | $767.54 |
| 4 | Chelsea Store | June 30, 2009 | September 17, 2010 | $447.52 |
| 5 | Boston Store | September 30, 2009 | October 27, 2009 | $895.46 |
| 6 | Chelsea Store | September 30, 2009 | September 17, 2010 | $447.54 |
| 7 | Boston Store | December 31, 2009 | March 15, 2010 | $767.54 |
| 8 | Boston Store | March 31, 2010 | May 11, 2010 | $923.46 |
| 9 | Boston Store | June 30, 2010 | July 13, 2010 | $820.14 |
| 10 | Boston Store | September 30, 2010 | December 20, 2010 | $820.14 |
| 11 | Chelsea Store | September 30, 2010 | October 15, 2010 | $2,389.00 |
| 12 | Chelsea Store | September 30, 2011 | October 5, 2011 | $1,435.00 |
| 13 | Chelsea Store | December 31, 2011 | January 20, 2012 | $1,726.20 |
| 14 | Chelsea Store | March 31, 2012 | November 23, 2012 | $1,562.40 |

All in violation of Title 26, United States Code, Section 7202.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
JOHN A. CAPIN
ERIC P. CHRISTOFFERSON
Assistant U.S. Attorneys

DISTRICT OF MASSACHUSETTS; April 14, 2016

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK                        11:05 am

10